741 A.2d 86

IN THE MATTER OF JOHN R. STEPHENSON, JR., AN ATTORNEY AT LAW.

December 10, 1999.

## ORDER

The Disciplinary Review Board on June 16, 1999, having filed with the Court its decision concluding that **JOHN R. STEPHENSON, JR.** of **MONTCLAIR,** who was admitted to the bar of this State in 1984, and who was temporarily suspended from practice by Order of this Court dated November 3, 1997, and who remains suspended at this time, should be suspended from the practice of law for a period of one year for violating *RPC* 1.1(a) (gross neglect), *RPC* 1.1(b) (pattern of neglect), *RPC* 1.3 (lack of diligence), *RPC* 1.4(a) (failure to communicate), *RPC* 3.4(d) (failure to comply with discovery requests from an opposing party), *RPC* 5.5(a) (unauthorized practice of law), and *RPC* 8.1(b) (failure to cooperate with disciplinary authorities);

And the Disciplinary Review Board having further concluded that prior to reinstatement respondent should be required to submit proof of his fitness to practice law, as attested to by a psychiatrist approved by the Office of Attorney Ethics; that respondent should be required to reimburse all sums ordered by fee arbitration panels to be repaid to clients; and that on reinstatement, respondent should be required to practice law under the supervision of a practicing attorney;

And good cause appearing;

It is ORDERED that **JOHN R. STEPHENSON, JR.**, is suspended from the practice of law for a period of one year and until the further Order of the Court, effective immediately; and it is further

ORDERED that as a part of any application for reinstatement to practice respondent shall submit proof of his fitness to practice law as attested to by a psychiatrist approved by the Office of Attorney Ethics; and it is further

ORDERED that prior to any application for reinstatement, respondent shall comply with all fee arbitration determinations that direct him to refund fees to clients; and it is further

ORDERED that on reinstatement to practice, respondent shall practice law under the supervision of a practicing attorney approved by the Office of Attorney Ethics, until further Order of the Court; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent be restrained and enjoined from practicing law during the period of suspension and that respondent comply with *Rule* 1:20–20; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs incurred in the prosecution of this matter.